IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:23cr308-MHT** |
| | ) | (WO) |
| **JACKIE BANKS, JR.** | ) | |

## ORDER

This cause is before the court on defendant Jackie Banks, Jr.'s unopposed motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for March 18, 2024, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in

which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any period of delay resulting from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Banks in a speedy trial. Banks represents that the March 18 trial date does not provide enough time for the parties to negotiate a possible plea bargain before the plea deadline, which

2

is on February 26.  The parties have been in active negotiations but request additional time to arrive at a resolution.  A continuance is warranted to enable Banks the opportunity to attempt to reach a satisfactory plea agreement.  Moreover, the government does not oppose the motion.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 17) is granted.

(2) The jury selection and trial, now set for March 18, 2024, are reset for May 6, 2024, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 22nd day of February, 2024.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE